UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| EXXONMOBIL OIL CORPORATION, | No. 1:09-cv-01498-OWW-DLB |
|---|---|
| Plaintiff, v. NICOLETTI OIL, INC. *et al.*, Defendants. | **ORDER RE DEFENDANTS' MOTION TO DISMISS EXXONMOBIL'S SECOND AMENDED COMPLAINT** <br><br> Hearing Date: Sept. 13, 2010 <br> Time: 10:00 a.m. <br> Courtroom: 3 <br><br> Hon. Oliver W. Wanger |

The motion of Defendants Nicoletti Oil, Inc., Dino J. Nicoletti and John A. Nicoletti (collectively, "Defendants") to dismiss Plaintiff ExxonMobil Oil Corporation's ("ExxonMobil") second amended complaint under Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure came on regularly for hearing before this Court. All parties received notice and an opportunity to be heard. After considering the pleadings and memoranda submitted by the parties, and all supporting papers, and having heard the arguments of counsel, and good cause appearing therefor, **IT IS HEREBY ORDERED** that:

A/73482601.2

PDF created with pdfFactory trial version www.pdffactory.com

1.   Defendants' motion to dismiss ExxonMobil's express contractual indemnity claim under Rule 12(b)(6) is **DENIED** as to the Wholesale Distributor Agreement for Motor Fuels dated May 6, 1985 (the "1985 Agreement) and the Wholesale Distributor Agreement for Lubricants, Distillates and other Non-Motor Fuels dated March 1, 1989 (the "1989 Agreement), and is **GRANTED with leave to amend** as to all other contract claims. When ruling on a Rule 12(b)(6) motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint. *See Ashcroft v. Iqbal*, ___ U.S. ___, ___, 129 S.Ct. 1937, 1950 (2009). A complaint will survive a Rule 12(b)(6) motion if it pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly,* 550 U.S. 544, 570 (2007). Here, the second amended complaint alleges facts sufficient to support a claim for express contractual indemnity against Nicoletti Oil, Inc. as to the 1985 Agreement and the 1989 Agreement. However, to the extent ExxonMobil seeks to assert claims for breach of contracts other than the 1985 Agreement and the 1989 Agreement, ExxonMobil must list such contracts in the complaint.

2.   Defendants' motion to dismiss ExxonMobil's negligence claim under Rule 12(b)(6) is **DENIED**. The second amended complaint properly pleads a claim for negligence based on the special relationship between ExxonMobil and Nicoletti Oil, Inc. as co-ordered dischargers under the 2005 and 2006 Cleanup and Abatement Orders. *See J'Aire Corp. v. Gregory*, 24 Cal. 3d 799, 804 (1979). This special relationship imposes a

A/73482601.2
PDF created with pdfFactory trial version www.pdffactory.com

duty on Defendants to exercise ordinary care in the avoidance of economic injury to ExxonMobil.  *See Ott v. Alfa-Laval Agri, Inc.*, 31 Cal. App. 4th 1439, 1448-49 (1995).  The second amended complaint also sufficiently alleges that Defendants breached the duty entailed by the special relationship and that ExxonMobil was injured as a result of Defendants' breach.

      3.    ExxonMobil shall file an amended complaint within fifteen (15) days of entry of this Order.

      4.    Defendants shall file a response within fifteen (15) days of service of the amended complaint.

IT IS SO ORDERED.

Dated: October 1, 2010        /s/ OLIVER W. WANGER_____
                                          UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com