BINGHAM MCCUTCHEN LLP
Colleen P. Doyle (SBN 122060)
colleen.doyle@bingham.com
Karen A. Caffee (SBN 171817)
casey.caffee@bingham.com
Berj K. Parseghian (SBN 200932)
berj.parseghian@bingham.com
355 South Grand Avenue, Suite 4400
Los Angeles, CA 90071-3106
Telephone: 213.680.6400

Attorneys for Plaintiff
EXXONMOBIL OIL CORPORATION

TATRO TEKOSKY SADWICK LLP
René P. Tatro (SBN 078383)
Steven R. Tekosky (SBN 102918)
SteveTekosky@ttsmlaw.com
333 S. Grand Avenue, Suite 4270
Los Angeles, CA 90071
Telephone: 213.225.7171

Attorneys for Defendants
NICOLETTI OIL, INC., DINO J. NICOLETTI, AND
JOHN A. NICOLETTI

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>NICOLETTI OIL, INC. *et al.*,<br><br>        Defendants. | No. 1:09-cv-01498-OWW-DLB<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Judge: Hon. Oliver W. Wanger<br>Courtroom: 3 |

---

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1   **WHEREAS**, the parties to the above-captioned action (the "Action") believe that

2   certain information that is or may be sought by discovery requests or otherwise exchanged by the

3   parties in this Action may contain trade secret or other confidential research, development, or

4   commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil

5   Procedure;

6   **WHEREAS**, the unrestricted disclosure of such confidential and proprietary

7   information and documents may cause irreparable harm to the producing party;

8   **WHEREAS**, one of the purposes of this Stipulation and [Proposed] Protective

9   Order is to protect the confidentiality of such information and documents;

10   **WHEREAS**, the Federal Rules of Civil Procedure provide for the issuance of

11   protective orders limiting the disclosure of certain information in appropriate circumstances; and

12   **WHEREAS**, the parties believe that it would facilitate discovery in this Action to

13   produce any such information under a protective order made pursuant to Rule 26(c);

14   **THE PARTIES HEREBY STIPULATE AND AGREE**, pursuant to Local Rule

15   141.1(b)(1), to the following Stipulation and [Proposed] Protective Order ("Stipulation and

16   Order") and respectfully request that the Court enter it.

17   1.   Use of Discovery Material.  All discovery material (including without

18   limitation, documents, deposition testimony, physical objects, electronically stored information,

19   tangible things, discovery responses or any other material of any type whatsoever ) (collectively,

20   "Material"), whether by voluntary disclosure or pursuant to an order of the Court, in this Action

21   may be used solely for purposes of prosecution, defense or settlement of this Action, including

22   appeals, if any.

23   2.   Designation of Material (Other than Testimony) as Confidential or Highly

24   Confidential.  Any party to the Action or other person that provides any Material in this Action

25   may designate such Material as "Confidential" or "Highly Confidential" by labeling such

26   Material as "Confidential" or "Highly Confidential—Attorneys-Eyes-Only" at the time it is

27   produced.  A party or person may designate Material as Confidential or Highly Confidential

28   subsequent to its production by sending a letter to the receiving parties so designating such

2

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

Material, provided that the party or person sending the letter provides, in the form such Material was originally produced, the specific replacement pages for its production and labels such Material as "Confidential" or "Highly Confidential," and provided that such designation shall only apply to such Material after actual receipt by the receiving parties of such a letter, and provided further that the party receiving such a letter shall make reasonable efforts to restrict use and/or dissemination of any previously provided version(s) of such Material.

        3.    <u>Designation of Certain Testimony as Confidential or Highly Confidential</u>. Any deposition or other testimony (including any exhibits used therein) may be designated as Confidential or Highly Confidential by any party to the Action or other person that provides such testimony by any of the following means:  (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is Confidential or Highly Confidential; or (b) sending written notice to counsel of record for the parties within ten business days after receipt of the transcript of a deposition or other testimony, designating certain information or testimony as Confidential or Highly Confidential.  All deposition or other testimony shall be treated as if designated Confidential until the aforementioned ten-day period expires.

        4.    <u>Definition of Confidential Material</u>.  A designation of Material as Confidential shall constitute a representation by the party or other person and its counsel that they believe in good faith that the Material so designated contains or constitutes nonpublic and confidential proprietary, commercially sensitive or personal information, including but not limited to: trade secrets, accounting information, unpublished financial data, financial or investment forecasts or strategies, business or product plans or projections, marketing plans or strategy, compensation information, appraisals or valuations, proposed strategic transactions or other business combinations, proprietary technical information and specifications; studies or analyses by internal or outside experts; customer information, data or lists; confidential financial data or results; tax data; confidential information regarding assets and liabilities; competitive analyses; confidential personnel information; personal financial information; personal information subject to protection under California law; or other commercially or personally

3

PDF created with pdfFactory trial version www.pdffactory.com

1   sensitive or proprietary information.  Correspondence or other documents that quote from,

2   summarize or paraphrase the substance of Confidential Material shall be treated as Confidential

3   and shall be labeled as such.

4        5.   <u>Restrictions on Disclosure of Material Designated as Confidential</u>.

5   Confidential Material shall not be used or disclosed by any person or entity for any purpose

6   whatsoever other than the prosecution, defense or settlement of this Action including appeals, if

7   any.  Confidential Material and all information contained therein shall not be disclosed, shown

8   to, reviewed by, or discussed with, any person except:

9        a.   A party to this Action, including those directors, officers, members

10   and employees of such party directly involved in instructing or assisting counsel in connection

11   with this Action and any actual or potential party witness;

12        b.   The Court, personnel of the Court, and court reporters and

13   videographers at depositions or other proceedings in this Action;

14        c.   Counsel to the parties to this Action (including in-house counsel)

15   and their employees and agents;

16        d.   Special masters;

17        e.   Mediators;

18        f.   Deponents and witnesses at depositions or other proceedings in

19   this Action, along with their counsel;

20        g.   Persons whom counsel in good faith believe are likely to be called

21   as deposition, trial, or other witnesses in this Action as well as their counsel, provided, however,

22   that counsel shall not disclose any Material designated Confidential to any such person unless

23   counsel in good faith believes the Material to be reasonably related to that person's likely

24   testimony and, in that event, only to the extent so related;

25        h.   Consultants or experts and their staff to the extent deemed

26   reasonably necessary by counsel for the prosecution, defense or settlement of the Action;

27        i.   Outside vendors providing copying and/or exhibit preparation

28   services in connection with this Action;

4

PDF created with pdfFactory trial version www.pdffactory.com

1           j.     Persons identified in the Material as an author or intended recipient

2    thereof (or a copy thereof), or persons to whom counsel reasonably and in good faith believes

3    that such Material was sent or otherwise made available prior to its production in the Action; or

4           k.     Any other person only upon written consent of the designating

5    party or person or their counsel of record or upon order of the Court.

6           With respect to the persons referenced in paragraphs 5(e), (g), (h), (j) and (k), and

7    with respect to any person referenced in paragraph 5(f) who is not employed by a party in this

8    Action (a "Non-Party Witness"), prior to the disclosure of any Confidential Material, the

9    receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from

10   that person written agreement to be bound by the terms of this Stipulation in the form attached

11   hereto as Exhibit A.  Notwithstanding anything to the contrary in this paragraph 5, the failure of

12   a Non-Party Witness to agree to be bound by the terms of this Stipulation shall not preclude

13   disclosure of Confidential Material to such person on a non-waiver basis if counsel in good faith

14   believes the Material to be reasonably related to that person's testimony and, in that event, only

15   to the extent so related.

16          6.    Definition of Highly Confidential Material.  A designation of Material as

17   Highly Confidential shall constitute a representation by the party or other person and its counsel

18   that they believe in good faith that the Material so designated contains or constitutes highly

19   confidential information that is:  (i) classified by the government; and/or (ii) so sensitive that

20   even disclosure to the opposing party would be likely to cause competitive or business injury.

21   Correspondence or other documents that quote from, summarize or paraphrase the substance of

22   Highly Confidential Material shall be treated as Highly Confidential and shall be labeled as such.

23          7.    Restrictions on Disclosure of Material Designated as Highly Confidential.

24   Highly Confidential Material shall not be used or disclosed by any person or entity for any

25   purpose whatsoever other than the prosecution, defense or settlement of this Action including

26   appeals, if any.  Highly Confidential Material and all information contained therein shall not be

27   disclosed, shown to, reviewed by, or discussed with, any person except:

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

a.      Counsel to the parties in this Action (including in-house counsel) and their employees or agents to whom disclosure is reasonably necessary for the conduct of this Action;

b.      Any expert or consultant who is directly retained by a Party or its counsel in order to assist in the prosecution, defense or settlement of this Action, but only to the extent that such disclosure is reasonably deemed necessary by such counsel for the performance of such assistance; provided that such expert or consultant may retain documents containing Highly Confidential Material only until the conclusion of their assignment in this Action;

c.      The Court, personnel of the Court, and court reporters and videographers at depositions or other proceedings in this Action;

d.      Special masters;

e.      Mediators;

f.      Persons identified in the Material as an author or intended recipient thereof (or a copy thereof), whom counsel reasonably and in good faith believe that such Material was sent or otherwise made available prior to its production in the Action; or

g.      Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court.

With respect to the persons referenced in paragraphs 7(b), (e), (f) and (g), prior to the disclosure of any Highly Confidential Material, the receiving party shall (i) provide that person with a copy of this Stipulation, and (ii) obtain from that person written agreement to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

8.      Filing Confidential or Highly Confidential Material.  All Material designated Confidential or Highly Confidential that is filed with the Court, including all depositions or any portions of depositions that contain Confidential or Highly Confidential information, and all papers (including declaration(s), affidavits, and memoranda of law) purporting to reflect Confidential or Highly Confidential information shall be filed with the Court pursuant to Rules 5.2 and 26 of the Federal Rules of Civil Procedure and Local Rule 141. Confidential or Highly Confidential Material used in any Court proceeding in connection with

6

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1  this action shall not lose its Confidential or Highly Confidential status through such use.  To

2  avoid burdening the Court with an abundance of Material filed under seal, the parties shall confer

3  in good faith (time permitting) prior to filing documents containing information designated

4  Confidential or Highly Confidential under seal to agree, wherever possible, to permit the filing of

5  such Material not under seal.  Any waiver by a party of its right to have its Material designated

6  Confidential or Highly Confidential filed under seal shall not constitute a waiver of

7  confidentiality for any other purpose, and such Material shall otherwise maintain the protections

8  provided herein.

9          9.    Receipt of Subpoena.  Notwithstanding the foregoing, nothing in this

10  Stipulation and Order shall prevent any party from complying with any disclosure required by

11  law, regulation or rule (including any rule of any industry or self-regulatory organization)

12  whether pursuant to a subpoena or other similar process in connection with a litigation,

13  arbitration, or other proceeding.  If any party in possession of Material designated as

14  Confidential or Highly Confidential receives a subpoena or other such process or discovery

15  device seeking production or other disclosure of such Material, if allowed under applicable law,

16  that party shall give written notice to counsel for the party or person who produced the Material

17  and designated it as Confidential or Highly Confidential together with a copy of the subpoena or

18  other process and shall object to producing the Material until an appropriate confidentiality

19  stipulation or order can be entered into with the requesting party.  The party who designated the

20  Material as Confidential or Highly Confidential shall pay the reasonable costs of that objection,

21  including reasonable attorneys' fees.  Where possible, at least ten business days notice should be

22  given before production or other disclosure.  Nothing herein shall be construed as requiring a

23  party in possession of Material designated as Confidential or Highly Confidential that receives a

24  subpoena or other such process or discovery device seeking production or other disclosure of

25  such Material to challenge or appeal any order requiring production of such Material, to become

26  subject to any penalties for non-compliance with any subpoena, process, discovery device or

27  order, or to seek any relief from this Court.

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    10.    Return of Confidential Material upon Termination of this Action.  All

2   Confidential and Highly Confidential Material or other papers containing such information

3   remain the property of, and under the custody and control of the party or other person producing

4   that Material, subject to further order of the Court.  Upon the conclusion of this Action

5   (including compliance with any judgment and any appeals relating to this Action), the receiving

6   parties shall (i) return to the producing parties or persons all copies of Material designated as

7   Confidential or Highly Confidential that was produced pursuant to this Stipulation and Order

8   (including all copies, abstracts, and summaries of the Material) or (ii) destroy such Material and

9   certify to the producing party or person in writing that all such Material has been destroyed.

10   Notwithstanding the foregoing, each law firm representing a party to the action may retain copies

11   of pleadings, discovery, briefs, motions, memoranda and any other paper filed in this Action,

12   correspondence exchanged in this Action, copies of all deposition and other transcripts with

13   exhibits and copies of any attorney work product.

14    11.    Privileged Information.  No party hereto intends to produce any Material

15   that is protected by the attorney-client privilege, the work product doctrine or other lawful

16   immunity from disclosure.  In the event that such Material is produced, there shall be no waiver

17   of the applicable privilege or immunity, and the party producing it may request its return from

18   the other parties, who will immediately cease to use such Material and will within ten days return

19   or destroy all copies of such Material and all documents paraphrasing, summarizing, referencing

20   or otherwise using such Material.  In such event, if any party that received such Material wishes

21   to challenge its protected status, it may make a motion to the Court seeking to compel production

22   of such Material, but such motion shall not rely upon the fact that the Material was previously

23   produced to that party and shall be briefed and decided as though the Material had never been

24   produced.

25    12.    Disputes.  If a party that receives any Material produced in accordance

26   with this Order disagrees with respect to its designation as Confidential or Highly Confidential,

27   in full or in part, it shall notify the producing party or person in writing, and the recipient and the

28   producing party or person will thereupon confer in good faith within five business days of

8

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    receiving such notice as to the status of the subject Material proffered within the context of this

2    Order.  If the recipient and producing party or person are unable to agree upon the status of the

3    subject Material, either the recipient or the producing party or person may raise the issue of such

4    designation with the Court, provided, however, that no challenge to the designation of any

5    Material shall be brought unless the challenging party intends in good faith to (a) file the

6    challenged Material or to (b) use the challenged Material for the purpose of prosecution, defense

7    or settlement of this Action in a manner that would otherwise be prohibited.  In connection with

8    any such proceeding, the burden of showing that information sought to be protected as

9    confidential shall remain with the party or person claiming confidentiality.  Until agreement is

10   reached by the parties or an Order of the Court is issued changing the designation, all Material

11   about which the dispute exists shall be treated as originally designated by the producing party.

12   Nothing in this Stipulation and Order shall limit the ability of the producing party to use or

13   disclose its own Material produced in this Action as it deems appropriate.

14            13.    No Waiver.  No party to this Action shall be obligated to challenge the

15   propriety of any Confidential or Highly Confidential designation, and failure to do so shall not

16   preclude a subsequent challenge as to the propriety of such designation and shall not constitute

17   an admission that any information is in fact confidential or proprietary information or merits the

18   designation Confidential or Highly Confidential.  Nothing contained in this Stipulation and

19   Order shall be construed as a waiver by a party of any objections to the disclosure of any

20   information that it considers not subject to discovery or to the authenticity or admissibility at trial

21   of any evidentiary material.

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1    14.    <u>Modification of Stipulation</u>. The parties expressly reserve their right to

2 apply to the Court for modification of this Stipulation and Order, and for any further or

3 additional relief. Prior to application to the Court, the parties shall confer in good faith to resolve

4 any dispute concerning the terms or application of this Stipulation and Order.

5

6 DATED:  January 20, 2011

7                                                      BINGHAM MCCUTCHEN LLP

8

9                                                      By:    */s/ Berj K. Parseghian*
                                                                    Berj K. Parseghian
10                                                             Attorneys for Plaintiff
                                                          EXXONMOBIL OIL CORPORATION

11

12 DATED:  January 20, 2011

13                                                      TATRO TEKOSKY SADWICK LLP

14

15                                                      By:    */s/ Steven R. Tekosky* (as authorized
                                                                    on January 20, 2011)
16                                                             Steven R. Tekosky
                                                          Attorney for Defendants
17                                                       NICOLETTI OIL, INC., DINO J. NICOLETTI,
                                                          NICOLETTI OIL COMPANY, JOHN A
18                                                                NICOLETTI

19 **IT IS SO ORDERED**:

20

21 DATED:  January 20, 2011          /s/ OLIVER W. WANGER
                                                       United States District Judge

22

23

24

25

26

27

28

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

1 **EXHIBIT A**

2

3

4

5

6

7

8

9

10

11 UNITED STATES DISTRICT COURT

12 EASTERN DISTRICT OF CALIFORNIA

13

14 EXXONMOBIL OIL CORPORATION,                    No. 1:09-cv-01498-OWW-DLB

15           Plaintiff,                          **AGREEMENT TO ABIDE BY**
             v.                                  **STIPULATION AND PROTECTIVE**
16                                               **ORDER**

17 NICOLETTI OIL, INC. *et al.*,                 _____

18           Defendants.
                                                 Judge: Hon. Oliver W. Wanger
19                                               Courtroom: 3

20

21

22

23

24

25

26

27

28

---

11

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

## AGREEMENT TO ABIDE BY STIPULATION AND PROTECTIVE ORDER

I, _____, hereby acknowledge that I have been given a copy of and an opportunity to read the Stipulation and Protective Order entered in the United States District Court for the Eastern District of California on January _____, 2011 in the above-captioned civil proceeding (the "Action"), that I understand it, and that I agree to be bound by its terms.  I agree that I will not at any time reveal or discuss the contents of the documents, materials or information furnished to me in the course of this Action that are subject to the Stipulation and Protective Order (the "Confidential Material") with anyone, except as expressly authorized by the Stipulation and Protective Order, or as otherwise required by the Court.  I agree that any Confidential Material furnished to me will be used by me only for the purpose of my involvement in this Action.  I further agree that in the event I cease to have any involvement in this Action: (i) I shall promptly destroy or return all Confidential Material to the Party or counsel from whom I received it, and if Confidential Material is destroyed, I will provide confirmation of such destruction or a certificate of destruction to the Party or counsel from whom I received it within 10 days of its destruction; and (ii) I shall maintain the confidentiality of all Confidential Material disclosed to me.

DATED: _____      _____

Printed Name:_____

STIPULATION AND PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com