# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>NICOLETTI OIL, INC. et al.,<br><br>    Defendants. | Case No.: 1:09cv1498 AWI DLB<br><br>ORDER RE: EXXONMOBIL'S MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT<br><br>(Doc. 81) |

On September 7, 2012, Plaintiff ExxonMobil Oil Corporation ("Plaintiff") filed the instant motion to amend the complaint. On September 10, 2012, the Court set an expedited briefing schedule on the motion. Pursuant to the briefing schedule, Defendants Nicoletti Oil, Inc., Dino Nicoletti and John Nicoletti ("Defendants") filed their opposition on September 17, 2012, and Plaintiff filed a reply on September 19, 2012. The matter was referred to the undersigned United States Magistrate Judge and is deemed suitable for decision without oral argument. Local Rule 230(g).

## **BACKGROUND**

Plaintiff initiated this action on August 24, 2009. In December 2010, the Court entered a Scheduling Conference Order setting discovery deadlines. The Court also scheduled a pretrial conference date of September 10, 2012, which was rescheduled to September 12, 2012, and a

trial date of November 14, 2012.  Thereafter, over the course of nearly two years, the parties engaged in extended discovery, conducted multiple mediation sessions and participated in a settlement conference.  The matter was not resolved.

On September 7, 2012, Plaintiff filed the instant motion for leave to file a Fourth Amended Complaint to delete from the operative complaint the second claim for express contractual indemnity, the third claim for equitable indemnity and the seventh claim for negligence.  Defendants oppose the motion, arguing that they will be prejudiced if Plaintiff is allowed to drop these claims without prejudice less than two months before trial.

## **DISCUSSION**

A.  Standard of Review

Federal Rule of Civil Procedure Rule 15(a) governs amendment of pleadings before trial. Plaintiff's motion is brought pursuant to Rule 15(a)(2), which allows a party to amend its pleading only the with the opposing party's written consent or the court's leave.  Fed. R. Civ. P. 15(a)(2).  Granting or denial of leave to amend rests in the sound discretion of the trial court. Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Absent any apparent bad faith or undue prejudice to the opposing party, leave to amend should be freely granted. Foman v. Davis, 371 U.S. 178, 182 (1962).

B.  Analysis

Plaintiff's position is that the proposed amendment to eliminate claims prior to trial is consistent with the Federal Rules of Civil Procedure and there is no basis to force Plaintiff to litigate these claims or to dismiss such claims with prejudice.  Defendants disagree with the proposed amendment to eliminate claims unless those claims are dismissed with prejudice.

Defendants assert that permitting Plaintiff to eliminate claims without prejudice at this stage of the proceedings will result in significant prejudice.  In particular, Defendants contend that dismissal without prejudice may multiply proceedings against them and may increase their

costs by requiring them to re-litigate claims that already have been pending for three years. Defendants also contend that a subsequent lawsuit on the eliminated claims will not serve the interests of justice or judicial economy.

The Court finds that Defendants have established that they would be unduly prejudiced if the Court were to grant Plaintiff leave to amend its complaint to eliminate claims without prejudice.  Plaintiff has delayed until the late stages of these proceedings to withdraw these claims and Defendants have spent time and money in an effort to defend against them.  To allow Plaintiff to withdraw these claims without prejudice on the eve of trial and potentially re-litigate them at a later date will unduly prejudice Defendants.  Such a course also will not serve the interests of justice and will not preserve judicial economy.

## CONCLUSION AND ORDER

Plaintiff's motion for leave to file a fourth amended complaint is DENIED.

IT IS SO ORDERED.

Dated:   **September 24, 2012**              /s/ Dennis L. Beck
                                        UNITED STATES MAGISTRATE JUDGE