UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXXONMOBIL OIL CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>NICOLETTI OIL, INC. *et al.*,<br><br>    Defendants. | No. 1:09-cv-01498-AWI-SAB<br><br>**ORDER QUASHING SUBPOENA** |

### I. Introduction

On July 21, 2014, Plaintiff ExxonMobil Oil Corporation ("ExxonMobil") filed an application seeking an order from this Court staying and quashing the subpoena for deposition of ExxonMobil expert, Barbara J. Mickelson, issued by Nicoletti Oil, Inc. ("Nicoletti"). This application was made on the grounds that: (1) the subpoena was issued after the discovery deadline and without leave of the court; (2) the delay in issuance of the subpoena – scheduling the deposition on the Friday before the resumption of trial – subjects Ms. Mickelson to undue burden; (3) seven days is not a reasonable time to comply with a subpoena demanding appearance for deposition; and (4) no witness fees or mileage were tendered with the subpoena.

### II. Background

On May 29, 2014, Plaintiff provided a copy of Ms. Mickelson's supplemental expert report, updating her opinions, analyses and figures since her original report, prepared in early

2012. Along with the report, Plaintiff's counsel attached a letter requesting notice if Nicoletti intended to depose Ms. Mickelson. On June 3, 2014, in email correspondence between the parties, Plaintiff's counsel agreed to a continuance provided that Nicoletti would submit any reports at least three weeks before trial and any depositions take place no longer than one week following the receipt of the reports. (Declaration of Berj Parseghian ("Parseghian Decl."), Exhibit B.) On June 11, 2014, the date for resumption of trial in this matter was continued until July 29, 2014, in order for the parties to address discovery issues and engage in further mediation. On July 15, 2014, Nicoletti served a copy of a supplemental expert report, entitled "Rebuttal Report of Ray K. Forrester" which discusses the opinions and conclusions made by Ms. Mickelson in her supplemental report. On July 18, 2014, Nicoletti issued a deposition subpoena to Ms. Mickelson commanding her to appear on July 25, 2014. The subpoena served did not contain a tender of witness fees or mileage. ExxonMobil has demanded the withdrawal of the subpoena and Nicoletti has refused. Exxon Mobil now files the instant *ex parte* application to quash.

### III. Discussion and Order

A subpoena is invalid when witness fees or mileage allowances are not tendered at the time the subpoenas are served. Federal Rule of Civil Procedure 45(b)(1) states: "Serving a subpoena *requires* delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed.R.Civ.P. 45(b)(1) (emphasis added). A failure to tender fees at the time of service invalidates the subpoena and the deposition testimony will not be compelled. *CF & I Steel Corp. v. Mitsui & Co.,* 713 F.2d 494, 495 (9th Cir.1983) (finding tender 34 days after service and one week after notice of deficiency did not cure defect); *Wallis v. Centennial Ins. Co.*, 2013 WL 434441, *4 (E.D. Cal. Feb. 1, 2013); *Mirana v. Battery TaiShing Corp.,* 2009 WL 290459, *1 (N.D.Cal. Feb.5, 2009).

In this case, Nicoletti did not tender Ms. Mickelson witness fees at the time the deposition subpoena was served. On this ground, the subpoena directed to Ms. Mickelson will be quashed. In light of this ruling, the Court declines to address the merits of Plaintiff's alternative

arguments concerning the time allegedly agreed upon by the parties to conduct depositions or the reasonableness of the notice given.[1]

IT IS SO ORDERED.

Dated: July 21, 2014

SENIOR DISTRICT JUDGE

---

[1] Since ExxonMobil's motion for sanctions was not made separately as required by Federal Rule of Civil Procedure 11(c)(2), and is therefore not properly before the Court, it will not be addressed.