1
2
3
4
5
6
7
8
9
10
11
12
13 UNITED STATES DISTRICT COURT

14 EASTERN DISTRICT OF CALIFORNIA

15

16 EXXONMOBIL OIL CORPORATION,                    No. 1:09-cv-01498-AWI-SAB

17                     Plaintiff,                 **NOTICE OF SETTLEMENT;
                                                  STIPULATION AND ORDER**
18         v.                                     **APPROVING SETTLEMENT
                                                  AGREEMENT**
19 NICOLETTI OIL, INC. *et al.*,

20                     Defendants.

21

22

23         Pursuant to Local Rule 160, Plaintiff ExxonMobil Oil Corporation ("ExxonMobil") and

24 Defendants Nicoletti Oil, Inc., Floretta A. Nicoletti, personal representative of Dino J. Nicoletti,

25 deceased, and John A. Nicoletti (collectively, the "Nicolettis" or "Defendants") hereby notify the

26 Court that, subject to approval by this Court, they have settled this matter on the terms

27 memorialized in the Purchase and Sale and Settlement Agreement and Mutual Release attached

28 hereto as Exhibit A (the "Agreement").  ExxonMobil and the Nicolettis (collectively, the

"Parties") respectfully request that the Court approve the Agreement, vacate the upcoming trial date, and set a telephonic status conference regarding dismissal in late April.

In support of these requests, the Parties, by and through their counsel, stipulate and agree as follows:

1.     ExxonMobil filed the Complaint in this action on August 24, 2009, seeking injunctive relief under the citizen suit provisions of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6972(a)(1)(B), equitable contribution and unjust enrichment under California law, and declaratory relief in connection with the investigation and remediation of environmental contamination at the Nicoletti Oil fuel terminal in Dos Palos, California (the "Site").  Defendants denied the allegations and asserted affirmative defenses.

2.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 6972(a) and 28 U.S.C. § 1367(a).  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy is alleged to exceed $75,000.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) and 42 U.S.C. § 6972(a) because a substantial part of the events or omissions giving rise to the action occurred in this District.

4.     From approximately 1946 to 1980, ExxonMobil's predecessors-in-interest owned a portion of the Site, and Dino J. Nicoletti conducted business at that portion of the Site, which business included selling and distributing gasoline and diesel products.

5.     On or about August 25, 1980, Dino J. Nicoletti and his wife, Floretta Nicoletti, purchased a portion of the Site and continued to conduct business at that portion of the Site.

6.     From 1982 to the present day, Nicoletti Oil, Inc. has operated the business at the Site, which business includes selling and distributing gasoline and diesel products.

7.     On or about May 17, 1991, the Merced County Department of Public Health issued a Notice and Order to Nicoletti Oil, Inc. and Mobil Oil Corporation, which required investigation of soil and groundwater contamination at the Site.

8.      In 2005 and 2006, the Central Valley Regional Water Quality Control Board ("Regional Board") issued Cleanup and Abatement Orders requiring the development and implementation of an interim remedial action plan, further site assessment, and submission of a full corrective action plan for the Site.

9.      ExxonMobil has been investigating and/or remediating the Site for more than ten years.

10.      The Parties have been attempting to reach a resolution of their dispute over responsibility for the investigation and remediation of the Site for more than ten years.  The Parties engaged mediator Timothy Gallagher, Esq. in 2010 and have continued to work with Mr. Gallagher through the present.  The Parties conducted several multi-day, in-person mediations and countless telephone discussions, many of which involved Mr. Gallagher, over the course of many years to attempt to reach a settlement.  In addition, the Parties participated in a settlement conference before Hon. Dennis L. Beck on September 5, 2012.

11.      As a result of these lengthy and complex negotiations, subject to approval by this Court, the Parties have settled this matter on the terms memorialized in the Agreement. Following is a summary of some of the terms of the Agreement:[1]

- A settlement payment of $4.25 million by the Nicolettis' insurers to ExxonMobil.
- Purchase of certain properties from the Nicolettis by ExxonMobil for $2.5 million.
- The Nicolettis are to permanently vacate the properties by February 21, 2017. The purchase and sale of the properties is to close by March 31, 2017.
- ExxonMobil will remediate the Site at its sole cost and expense to the condition required by the Regional Board.
- Future use of the properties for petroleum-related activities or sensitive uses, such as residences, health care facilities, schools or senior citizen centers, is prohibited.

---

[1] To the extent there is any conflict between the Agreement and the description of the Agreement herein, the terms of the Agreement control.

- Releases by the Nicolettis in favor of ExxonMobil, and releases by ExxonMobil in favor of the Nicolettis.

- No admission of any liability or fault by ExxonMobil or the Nicolettis as to any allegation or matter in this action.

- Dismissal of this action following receipt of the settlement payment by ExxonMobil, with the Court retaining jurisdiction to enforce the provisions of the Agreement and to resolve any disputes arising thereunder or relating thereto.

- Each party shall bear its own costs and attorneys' fees in connection with this action and the Agreement and its implementation.

12.     The Parties believe the Agreement is fair and equitable and will facilitate the remediation of the Site.  Therefore, the Parties respectfully request that the Court enter an Order:

(i)    approving the Agreement;

(ii)   retaining jurisdiction to enforce the provisions of the Agreement and to resolve any disputes arising thereunder or relating thereto;

(iii)  vacating the upcoming trial date; and

(iv)  setting a telephonic status conference regarding dismissal in late April.

Respectfully Submitted,

DATED:  February 13, 2017          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:    /s/ *Berj K. Parseghian*
Berj K. Parseghian
Attorneys for Plaintiff
ExxonMobil Oil Corporation

TATRO TEKOSKY SADWICK LLP


By:    /s/ *Steven R. Tekosky* (as authorized on February 13, 2017)
Steven R. Tekosky
Attorney for Defendants
Nicoletti Oil, Inc., Floretta A. Nicoletti, personal representative of Dino J. Nicoletti, deceased, and John A Nicoletti

**ORDER**

Having reviewed the stipulation of the parties and good cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Purchase and Sale and Settlement Agreement and Mutual Release attached hereto as Exhibit A is approved in its entirety;

2.      This Court shall retain jurisdiction to enforce the provisions of the Purchase and Sale and Settlement Agreement and Mutual Release and to resolve any disputes arising thereunder or relating thereto;

3.      The March 21, 2017 trial date in this matter is **VACATED**; and

4.      A telephonic status conference is set for April 10, 2017 at 3:30 p.m. in Courtroom 2 before Hon. Anthony W. Ishii.


IT IS SO ORDERED.

Dated:   February 13, 2017          _____

                                         SENIOR  DISTRICT  JUDGE